IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfonso Lopez Millan,<br><br>           Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV 14-01486-PHX-SPL (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN P. LOGAN:**

**I. Procedural Background.**

Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 26, 2014.[1] Respondents docketed a limited answer to the petition for habeas corpus relief on March 27, 2015. See Doc. 11 ("Answer"). Petitioner docketed a reply to the answer to his petition on April 20, 2015. See Doc. 12.

**A. The Charges and Facts.**

A Maricopa County grand jury indictment returned November 19, 2007, charged Petitioner and six co-defendants with three counts of kidnapping, class 2 dangerous felonies (Counts 1, 2, and 3); one count of aggravated assault, a class 3 dangerous felony (Count 4); three counts of theft by extortion, class 2 dangerous felonies (Counts 5, 6, and 7); one count of smuggling, a class 4 felony (Count 8); and one count of misconduct

---

[1] The envelope in which the petition was mailed is postmarked June 26, 2014, which is consistent with Petitioner's statement that he placed the petition in the prison mail on June 26, 2014. See Doc. 1.

involving weapons, a class 4 felony (Count 9).  See Answer, Exh. A.  The alleged crimes involved a human smuggling enterprise for which there were three victims.  Answer, Exh. B & Exh. T.  After Petitioner was arrested, he admitted to being a guard in the smuggling enterprise and to using a handgun to prevent the victims from escaping from the drop house.  Answer, Exh. B. at 10 & 13-14, Exh. W at 7.

### B. The Settlement Conference.

A settlement conference with regard to all of the defendants was conducted on July 11, 2008.  Answer, Exh. B & C.  All defendants were represented by counsel at the settlement conference.  Answer, Exh. B.   The settlement conference was conducted by the trial judge, to which none of the defendants objected.  Answer, Exh. B at 3-4.  At the settlement conference, the prosecutor stated that each defendant had been offered the opportunity to plead guilty "to [one count of kidnapping], a Class 2, dangerous felony, seven to nine years is the range on that.  So, it's a mitigated term.  They're just pleading to one count."  Answer, Exh. B at 11 & 21.  The prosecutor stated, *inter alia*, that "[t]he victims identified [Petitioner] as one of the persons who pistol whipped the polleros."  Answer, Exh. B at 14.  Petitioner was present at this settlement conference with an interpreter.  Answer, Exh. C.  Petitioner chose not to take the plea deal offered by the state.  Answer, Exh. C.

### C. The Trial.

Petitioner was tried along with one co-defendant.  Answer, Exh. D.[2]  At the conclusion of the state's case, both defense counsel renewed a motion for an acquittal on the three counts of theft by extortion, pursuant to Rule 20, Arizona Rules of Criminal Procedure; this motion was denied.  Answer, Exh. N.  After approximately one day of deliberation, the jury found Petitioner and his co-defendant guilty on Counts 1 through 8.  Answer, Exh. P at 2-4. The jury could not reach a unanimous decision on Count 9, and this count was dismissed.  Answer, Exh. P.

---

[2] At Petitioner's sentencing, counsel stated that Petitioner and two co-defendants had decided to go to trial and that the other four defendants had ultimately accepted the plea agreement and been sentenced to a term of seven years imprisonment. Answer, Exh. Q at 10-11.

### D. The Sentence.

The pretrial report recommended an aggregate sentence of 10.5 years imprisonment. Id., Exh. Q at 11. On January 15, 2009, the state trial court sentenced Petitioner to a mitigated term of seven years imprisonment pursuant to his convictions on Counts 1, 2, 3, 5, 6, and 7, a sentence of five years imprisonment on Count 4, and a term of one and a half years imprisonment pursuant to his conviction on Count 8. The trial court ordered that the sentences imposed on Counts 1, 5, and 8 be served concurrently. The court ordered the sentences imposed on Counts 2 and 6 to be served concurrently to each other but consecutively to the sentences imposed on Counts 1, 5, and 8. The court ordered the sentences on Counts 3 and 7 to be served concurrently to each other but consecutively to the sentences imposed on Counts 2 and 6. The sentence imposed pursuant to Petitioner's conviction on Count 4 was ordered to be served consecutively to the term imposed on Counts 3 and 7. Answer, Exh. Q at 14-15 & R. The total aggregate sentence imposed on Petitioner pursuant to all convictions was a term of 26 years imprisonment. Answer, Exh. T at 5.

### E. The Direct Appeal.

Petitioner took a timely direct appeal of his convictions and sentences. Answer, Exhibit S. Not finding any arguable claim to raise on Petitioner's behalf, Petitioner's appellate counsel filed an Anders brief.[3] Answer, Exh. T at 4. Petitioner was afforded the opportunity to file a pro per brief in his direct appeal, but did not do so. Id. On November 17, 2009, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences, after reviewing the record for fundamental error. Answer, Exh. T. Petitioner did not seek review of this decision by the Arizona Supreme Court. Answer, Exh. T at 1.

### F. The First Post-Conviction Proceeding.

On December 7, 2009, Petitioner initiated a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Answer, Exh. U. Petitioner

---

[3] Anders v. California, 386 U.S. 738 (1967).

was appointed counsel to represent him in his post-conviction action. Answer, Exh. V. Appointed counsel filed a notice stating that he had reviewed the record and could find no colorable claim to raise on Petitioner's behalf. Answer, Exhs. V & W. Petitioner filed a *pro se* petition for post-conviction relief, asserting his trial counsel's performance had been unconstitutionally ineffective and that the trial court had imposed an improper sentence. Answer, Exh. Y. The petition does not cite how, specifically, Petitioner's counsel was allegedly ineffective, and indicates Petitioner does not speak English. Id. On June 27, 2012, the state trial court dismissed the Rule 32 petition, concluding that Petitioner had "failed to raise a colorable claim for relief" because the claims were not properly explicated nor supported. Answer, Exh. BB. Petitioner did not seek review of this decision by the Arizona Court of Appeals.

### G. The Second Post-Conviction Proceeding.

On July 11, 2012, Petitioner initiated a second Rule 32 proceeding. Answer, Exh. CC. Petitioner alleged that he had received ineffective assistance of post-conviction counsel, alluding to Martinez v. Ryan, 132 S. Ct. 1309 (2012), and that he was denied access to the courts during his first Rule 32 proceeding. Answer, Exh. CC. Petitioner stated:

> Claims to be raised in successive petition did not accrue until court issued order on July 3, 2012, dismissing previous proceedings for post-conviction relief.
> 1. Ineffective assistance of counsel in first proceedings for post-conviction relief who failed to present claim of ineffective representation before and during trial; Martinez v. Ryan, 566 U.S. ___ (2012)
> 2. Denial of due process of law/access to courts throughout pendency of first proceedings for post-conviction relief; denied meaningful opportunity to present claims.

Answer, Exh. CC.

On August 13, 2012, the state trial court summarily dismissed the Rule 32 action because it was untimely and because Petitioner did not raise a colorable ground for relief. Answer, Exh. DD. Petitioner sought review of this decision by the Arizona Court of Appeals, which granted review, but denied relief on December 13, 2013. Answer, Exh.

- 4 -

EE & FF. The appellate court noted, *inter alia*, that Martinez did not apply to an Arizona defendant who had proceeded to trial rather than pleading guilty. Answer, Exh. FF.

### H. This Habeas Proceeding.

In the habeas petition filed June 26, 2014, Petitioner asserts his post-conviction counsel's performance was unconstitutionally ineffective because counsel failed to argue that Petitioner was denied his right to the effective assistance of trial counsel. Petitioner claims his trial counsel's performance was unconstitutionally ineffective because counsel allegedly did not present a written plea agreement to Petitioner. Petitioner also contends his trial counsel was ineffective for failing to request a competency hearing. Petitioner further alleges the trial court imposed an illegal sentence, in violation of his Fourteenth Amendment right to due process of law. See Doc. 1.

### II. Analysis.

### A. Statute of limitations.

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions and sentences. See, e.g., McQuiggin v. Perkins, 133 S.Ct. 1924, 1929 (2013); Gonzalez v. Thaler, 132 S.Ct. 641, 652-53 (2012); Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See also Gonzalez, 132 S.Ct. at 652-53; Doe, 432 F.3d at 1011.

The Arizona Court of Appeals issued its decision in Petitioner's direct appeal on on November 17, 2009. Petitioner had thirty days to seek review of this decision by the Arizona Supreme Court, see Ariz. R. Crim. P. 31.9, but he did not seek review by the Arizona Supreme Court. Accordingly, Petitioner's convictions and sentences became final on or about December 17, 2009. See, e.g., Gonzalez, 132 S.Ct. at 654; Hemmerle v.

Schriro, 495 F.3d 1069, 1074 (9th Cir. 2007).  It also follows that the one-year statute of limitations on Petitioner's federal habeas action expired on or about December 17, 2010, unless statutorily or equitably tolled.

The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).  See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Stewart v. Cate, 757 F.3d 929, 934-35 (9th Cir.), cert. denied, 135 S.Ct. 341 (2014); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).  "The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the actual petition is not filed until later. See Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1056 (9th Cir. 2004). See also Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").  An application is "pending" under 28 U.S.C. § 2244(d)(2) during the "time between a lower state court's decision and the filing of a notice of appeal to a higher state court." Carey v. Saffold, 536 U.S. 214, 219, 122 S.Ct. 2134, 2137-38 (2002); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).  However, the time between a first and second application for post-conviction relief is generally not tolled because no application is "pending" during that period.  See Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012); Biggs, 339 F.3d at 1048.

Petitioner initiated a state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on December 7, 2009.  Because post-conviction relief was initiated before the date Petitioner's convictions became "final," the statute of limitations was tolled until the state court denied post-conviction relief and dismissed the action on June 27, 2012.  The statute of limitations was, arguably, further tolled until July

- 6 -

27, 2012, when the time expired to seek review of the trial court's dismissal of the action by the appellate court. Therefore, the statute of limitations on Petitioner's habeas claims, allowing for the longest arguable period of statutory tolling, began to run on July 28, 2012, and expired on or about July 28, 2013. Petitioner's federal habeas action, filed June 26, 2014, was not filed within the one-year statute of limitations period.

Petitioner's second state action for post-conviction relief did not toll the statute of limitations with regard to his federal habeas petition because that Rule 32 action was not "properly filed." A state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling of the federal statute of limitations during the time such a petition is "pending" in the state courts. See Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1811-12 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id., 544 U.S. at 414, 125 S. Ct. at 1812.

### B. Equitable Tolling.

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing his petition on time. See Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 2554, 2562 (2010); Gibbs v. Legrand, 767 F.3d 879, 884-85 (9th Cir. 2014); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418, 125 S. Ct. at 1814-15. See also Forbess v. Franke, 749 F.3d 837, 839-40 (9th Cir. 2014); Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009).

> While eschewing a "mechanical rule" for determining extraordinary circumstances, the [Holland] Court pointed to a "flexibl[e]," "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Id. at 2563. We should exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an

appropriate case." Id. Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959 (noting the difference between attorney negligence and abandonment of counsel, and that abandonment constitutes extraordinary circumstances); Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008). Equitable tolling is only appropriate when external forces, such as "abandonment" by the petitioner's counsel, the complete unavailability of a prison library, or a petitioner's mental disability, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Gibbs, 767 F.3d at 886-87; Forbess, 749 F.3d at 841; Sossa v. Diaz, 729 F.3d 1225, 1236 (9th Cir. 2013). Equitable tolling is also available if the petitioner establishes actual innocence of the crimes of conviction. See McQuiggin, 133 S.Ct. at 1934; Stewart, 757 F.3d at 937-38; Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Yow Ming Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014) (finding the petitioner was not entitled to tolling solely on the basis that he did not speak English, stating: "Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance."); Waldon-Ramsey, 556 F.3d at 1011, quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) ("We have previously explained that 'the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule.'"). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish that equitable

tolling is warranted in his case. See, e.g., Porter, 620 F.3d at 959; Waldon-Ramsey, 556 F.3d at 1111; Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004).

In reply to the answer to his petition, Petitioner asserts that his procedural default of his habeas claims should be excused because his ineffective assistance of trial counsel claims are meritorious. See Doc. 12. Petitioner re-urges each of his claims for habeas relief, alleging that his post-conviction counsel's performance was ineffective, that his trial counsel never "physically produced a plea agreement at any time before Petitioner's trial," and that his trial counsel's performance was otherwise unconstitutionally ineffective. Id. Petitioner asserts he has made a "substantial showing" of a denial of his Sixth Amendment rights. Id.

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations. Compare Holland, 130 S. Ct. at 2564; Yow Ming Yeh, 751 F.3d at 1077; Porter, 620 F.3d at 961 (noting the circumstances of cases addressing tolling determined before and after Holland). A petitioner's *pro se* status, ignorance of the law, and lack of legal representation during the applicable filing period, do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). The vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner may be entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934.

> "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... [or] expiration of the statute of limitations." McQuiggin v. Perkins,[], 133 S. Ct. 1924, 1928,[] (2013). When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that

the trial was free of non-harmless constitutional error," the Court may consider the petition on the merits. See Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, [] (1995). The Supreme Court has recently cautioned, however, that "tenable actual-innocence gateway pleas are rare." McQuiggin, 133 S. Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id.

Stewart, 757 F.3d at 937-38.

Petitioner has not established, and does not argue, his actual, factual innocence of the crimes of conviction. Accordingly, tolling is not warranted based on the "actual innocence" doctrine regarding the statute of limitations.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

### C. Exhaustion and Procedural Default.

Absent specific circumstances, the District Court may only grant federal habeas relief on the merits of a claim which has been "properly" exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729–30, 111 S. Ct. 2546, 2554–55 (1991). A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure," such as a post-conviction action, in the state courts. 28 U.S.C. § 2254(c). To properly exhaust a federal habeas claim, the petitioner must afford the state courts the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust state remedies under 28 U.S.C. § 2254(b)(1) by giving the state the opportunity "to pass upon and correct" the alleged federal constitutional violations. Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004).

> "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is a procedural default for purposes of federal habeas" and the federal court must generally dismiss the petition. Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557(1991).

Whaley v. Belleque, 520 F.3d 997, 1003-04 (9th Cir. 2008).

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either in a direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Date v. Schriro, 619 F. Supp. 2d 736, 762-63 (D. Ariz. 2008); Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351. See also Arrendondo v. Neven, 763 F.3d 1122, 1138 (9th Cir. 2014).

> [The] AEDPA "leav[es] 'primary responsibility' for adjudicating federal claims to the States." Johnson v. Williams, ––– U.S. ––––, 133 S.Ct. 1088, 1097, 185 L.Ed.2d 105 (2013) (citing Woodford v. Visciotti, 537 U.S. 19,

27, 123 S.Ct. 357, [] (2002)). It follows that absent "evidence lead[ing] very clearly to the conclusion that a federal claim was inadvertently overlooked in state court," a federal habeas court presumes that the state court reached a petitioner's fairly presented federal claim. Id. Williams v. Swarthout, 771 F.3d 501, 506 (9th Cir. 2014).

In order to fulfill exhaustion requirements, a petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513–14 (1971); Dickens v. Ryan, 740 F.3d 1302, 1318-19 (9th Cir. 2014); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. See Arrendondo, 763 F.3d at 1138; Gulbrandson v. Ryan, 738 F.3d 976, 992 (9th Cir. 2013); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277–78, 92 S. Ct. at 512–13, the habeas petitioner must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

The procedural default doctrine is a corollary to the exhaustion requirement. Procedural default of a federal habeas claim occurs when a petitioner has never presented the federal habeas claim to the state's highest court in any manner and has become barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351–52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present the claim to the state's highest court, but the state court did not address the merits of the claim because the petitioner failed to follow a state procedural rule when presenting the claim. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594–95 (1991); Coleman v. Thompson, 501 U.S. 722, 727–28, 111 S. Ct. 2546, 2553–57(1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule

which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Thus, if it is clear the petitioner's habeas claim may not be presented to the state courts because of rules regarding timing and the proper presentation of claims, the habeas claim is "exhausted" by virtue of the petitioner's "procedural default" of the claim. See, e.g., Woodford v. Ngo, 548 U.S. 81, 92–93, 126 S. Ct. 2378, 2387 (2006).

In Arizona, claims not previously presented to the state courts in either a direct appeal or on collateral review in an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, are generally barred from federal review because an attempt to return to state court to present them is futile unless the claims fit in a narrow category of claims for which a successive Rule 32 action is permitted. See Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a) & (b) (successive petitions are limited to claims of being held in custody beyond sentence expiration, newly-discovered material facts, requests for delayed appeal, significant change in the law retroactively applicable that would probably overturn conviction or sentence, and actual innocence); Spreitz v. Ryan, 617 F. Supp. 2d 887, 899–900 (D. Ariz. 2009).

> For the procedural default rule to apply, "the application of the state procedural rule must provide an adequate and independent state law basis on which the state court can deny relief." Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) (amended) (internal quotation marks and citations omitted). Arizona's waiver rules are independent and adequate bases for denying relief. Stewart v. Smith, 536 U.S. 856, 859–60, 122 S.Ct. 2578, [] (2002) (per curiam) (holding denials pursuant to Arizona waiver rules are independent of federal law); Ortiz v. Stewart, 149 F.3d 923, 931–32 (9th Cir. 1998) (finding Arizona waiver rule consistently and regularly applied).

Hurles v. Ryan, 752 F.3d 768, 780 (9th Cir.), cert. denied, 135 S.Ct. 710 (2014).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims, which have been found to be consistently applied and well-established, bar Petitioner from now returning to the state courts to exhaust any

- 13 -

unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not fairly presented to the Arizona Court of Appeals in his direct appeal or in his Rule 32 action.  See id., 752 F.3d at 780; Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).  See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar).

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation.  See Clabourne v. Ryan, 745 F.3d 362, 375 (9th Cir. 2014); Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).  Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules.  See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez–Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996).  To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982).  See also Correll v. Stewart, 137 F.3d 1404, 1415–16 (9th Cir. 1998).  Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default.  See, e.g., Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his criminal proceedings with constitutional violations.  See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415–16.  Establishing prejudice requires a petitioner to prove that, "but for" the

alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135–36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). The Ninth Circuit Court of Appeals has also stated that prejudice is established by a petitioner's "actual innocence." See Vosgien v. Persson, 742 F.3d 1131, 1134-35 (9th Cir. 2014). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

A state criminal defendant does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987); Graves v. McEwen, 731 F.3d 876, 878 (9th Cir. 2013). Accordingly, the general rule is that errors of counsel during a state post-conviction action cannot constitute "cause" to excuse the procedural default of a federal habeas claim. See, e.g., Coleman, 501 U.S. at 752, 111 S. Ct. at 2565; Clabourne, 745 F.3d at 374.

However, the Supreme Court's opinion in Martinez v. Ryan, 132 S. Ct. 1309 (2012), established a limited exception to the general rule that ineffective assistance of post-conviction counsel could not be "cause" to excuse the procedural default of an ineffective assistance of counsel claim. Martinez held that inadequate assistance of post conviction counsel "at initial-review collateral review proceedings," such as Rule 32 proceedings in Arizona, "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315.

In Ha Van Nguyen v. Curry, 736 F.3d 1287, 1293 (9th Cir. 2013), the Ninth Circuit expanded the holding of Martinez, stating that the Martinez doctrine could also apply to excuse the procedural default of claims asserting ineffective assistance of a petitioner's direct appeal counsel, in addition to their trial counsel.

In Trevino v. Thaler, the Supreme Court delineated the Martinez analysis as consisting of four prongs: a habeas court may

> find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

133 S. Ct. 1911, 1918 (2013), citing Martinez, 132 S. Ct. at 1318–19, 1320–21 (alterations in original).

If a petitioner is unable to establish cause for, or prejudice arising from the procedural default of a claim, review of the merits of the procedurally defaulted habeas claim is still required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485–86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485–86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842–43 (9th Cir. 2001).

Applying the analysis above, Petitioner's claims are procedurally defaulted. Petitioner did not properly present any federal habeas claim to the state's "highest court," i.e., the Arizona Court of Appeals in a procedurally correct manner. Petitioner did not present any specific claims for relief in his direct appeal to the Arizona Court of Appeals and, therefore, no habeas claims were properly exhausted in the state courts in Petitioner's direct appeal.

Petitioner did not properly exhaust any habeas claims in his first post-conviction Rule 32 action because Petitioner did not seek review of the state trial court's decision denying relief by the Arizona Court of Appeals, the state's "highest court." Accordingly, Petitioner did not properly present any federal habeas claims to the Arizona Court of Appeals in a procedurally correct manner and his habeas claims are procedurally defaulted.

Petitioner has not shown cause for nor prejudice arising from his procedural default of his habeas claims. Petitioner's post-conviction counsel's alleged failure to assert that Petitioner's trial counsel was ineffective does not constitute cause for the procedural default of an ineffective assistance of trial counsel claim. Petitioner has not raised a substantial claim that his trial counsel's performance was unconstitutionally ineffective or that Petitioner was prejudiced by any alleged deficient performance. The record in this matter indicates that Petitioner knew a plea agreement was available to him. There is no evidence that a competency hearing would have resulted in a finding that Petitioner was incompetent to stand trial. Petitioner has not shown cause for, nor prejudice arising from, his procedural default of his federal habeas claims.

Additionally, as noted *supra*, Petitioner does not assert his factual innocence of the crimes of conviction. Rather, Petitioner alleges that his counsel was ineffective in supposedly failing to negotiate a plea agreement prior to trial, that counsel failed to request a competency hearing, that his post-conviction counsel was ineffective for failing to raise claims about trial counsel, and that he was improperly sentenced.

Petitioner has not established cause for, nor prejudice arising from, his procedural default of his federal habeas claims. Therefore, the Court should not consider the merits of the claims.

**III. Conclusion.**

Petitioner's federal habeas action was not filed within the one-year statute of limitations applicable to his habeas petition. Petitioner has not established that equitable tolling of the statute of limitations is warranted because Petitioner has not shown that

1  extraordinary circumstances beyond his control were the cause of his failure to timely file
2  his habeas action.  Additionally, Petitioner did not properly exhaust his claims by fairly
3  presenting them to the state's "highest" court in a procedurally correct manner.  Petitioner
4  has not established cause for, nor prejudice arising from his procedural default of his
5  federal habeas claims in the state courts.  Petitioner does not assert his actual, factual
6  innocence of his crimes of conviction.  Therefore,

7  **IT IS RECOMMENDED that** Mr. Millan's petition seeking a writ of habeas
8  corpus be **denied** and **dismissed.**

9  **IT IS FURTHER RECOMMENDED that** a Certificate of Appealability and
10 leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition
11 is justified by a plain procedural bar and jurists of reason would not find the ruling
12 debatable.

13 This recommendation is not an order that is immediately appealable to the Ninth
14 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
15 of Appellate Procedure, should not be filed until entry of the District Court's judgment.
16 The parties shall have fourteen days from the date of service of a copy of this
17 recommendation within which to file specific written objections with the District Court.
18 See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)-(b) & 72.  Thereafter, the parties have
19 fourteen days within which to file a response to the objections.  Pursuant to Rule 7.2,
20 Local Rules of Civil Procedure for the United States District Court for the District of
21 Arizona, objections to the Report and Recommendation may not exceed seventeen (17)
22 pages in length.

23 Failure to timely file objections to the Magistrate Judge's Report and
24 Recommendation may result in the acceptance of the Report and Recommendation by the
25 District Court without further review.  See United States v. Reyna–Tapia, 328 F.3d 1114,
26 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of
27 the Magistrate Judge will be considered a waiver of a party's right to appellate review of
28 the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

1 recommendation. <u>See</u> Fed. R. Civ. P. 72.

2       Dated this 29th day of May, 2015.

                                              Honorable Deborah M. Fine
                                              United States Magistrate Judge