IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfonso Lopez Millan,<br><br>             Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No.  CV-14-01486-PHX-SPL<br><br>**ORDER** |

Petitioner Alfonso Lopez Millan has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable Deborah M. Fine, United States Magistrate Judge, has issued a Report and Recommendation ("R&R") (Doc. 15), recommending that the petition be denied on the basis that it is time-barred, and in the alternative, on the basis that Petitioner's claims are procedurally defaulted and barred from review. Petitioner has objected to the R&R. (Doc. 19.) For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.     Background**

Following a jury trial in the Maricopa County Superior Court, Case No. CR2007-172912-004, Petitioner was found guilty on three counts of kidnapping, one count of aggravated assault, three counts of theft by extortion, and one count of smuggling. (Doc. 11-1, Exh. A.)[1] On January 9, 2009, Petitioner was sentenced to a total aggregate term of

---

[1] The Court assumes the parties' familiarity with underlying facts of conviction which, for the reasons below, need not be reached here.

26 years of imprisonment. (Doc. 11-6, Exh. T.)

On June 26, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus raising four claims for relief. (Doc. 1.) Respondents filed a limited answer, in which they argue that the petition should be dismissed as untimely, and as procedurally defaulted and barred in the alternative. (Doc. 11.)

## II. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III. Discussion

### A. Statute of Limitations

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Having reviewed the objected to recommendations *de*

*novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

Petitioner does not dispute the Magistrate Judge's calculation of the limitations period, but instead objects to the finding that he is not entitled to equitable tolling. (Doc. 19 at 4.) "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted).

Petitioner claims that counsel's negligence and abandonment constitutes extraordinary circumstances, in that counsel stated that "he could find no colorable claim, thereby leaving petitioner in no position to properly prepare and file his state post-conviction proceedings." (Doc. 19 at 2.) This alleged negligent behavior however does not rise to the level of abandonment or is sufficiently egregious to qualify as an extraordinary circumstance that warrants equitable tolling. *See Holland,* 560 U.S. at 651–52; *Towery v. Ryan*, 673 F.3d 933, 942 (9th Cir. 2012). Even if counsel failed to raise a colorable claim making his performance inadequate, counsel nonetheless did not "abandon" Petitioner; counsel reviewed the record, filed a notice of his finding of no colorable relief, and moved the court for an extension of time for Petitioner to file a *pro se* post-conviction relief petition. (Doc. 11-6, Exh. W.) *See Holland*, 560 U.S. at 659 (abandonment consists of "near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests."); *Gibbs v. Legrand*, 767 F.3d 879, 887 (9th Cir. 2014) ("even if his performance was inadequate, his conduct did not constitute abandonment of his client and did not justify the conclusion that extraordinary circumstances existed"). Petitioner does not claim that post-conviction counsel was engaged to pursue additional state post-conviction relief, was engaged to pursue federal habeas relief, or refused to pursue relief despite Petitioner's diligent and reasonable requests. Petitioner makes no claim that counsel failed to communicate with him, keep him informed of material developments in his case, affirmatively misled him, or engaged

in similar egregious behavior. *Cf. Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015) (counsel's misconduct was an extraordinary circumstance where counsel affirmatively mislead petitioner); *Gibbs*, 767 F.3d at 885 (an attorney's failure to communicate about a key development in a client's case can constitute an extraordinary circumstance).

Petitioner does not show that the actions of post-conviction relief counsel prevented him from preparing and filing a federal habeas petition at any time nor offers any connection between counsel's performance and his own failure to file a timely federal habeas petition. Petitioner's *pro se* status or "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). *See also Robinson v. Kramer*, 588 F.3d 1212, 1216 (9th Cir. 2009) (citing *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Nor does Petitioner's alleged lack of comprehension of the English language merit equitable tolling. "Lack of English proficiency can constitute an extraordinary circumstance for equitable tolling purposes, but only when the petitioner is unable to procure legal materials in his own language or to obtain translation assistance." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). *See also Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (finding that lack of access to Spanish language legal materials or assistance could entitle habeas petitioner to equitable tolling). Instead, Petitioner's state court filings during the limitations periods (*see e.g,* Doc. 11-6, Exhs. CC, EE) belies the claim that language, or any other extraordinary circumstance, caused his federal habeas petition to be untimely filed.[2]

In short, Petitioner's complaints do not show how he was prevented from filing a

---

[2] The Court notes that Petitioner passingly states in his objection that "[j]ustice can never be done, if an individual does not possess the mental capacity to comprehend the severity of punishment…" (Doc. 19 at 4.) Petitioner however offers no evidence or argument in his objection, petition, or traverse of incompetency, and the record does not reveal the presence of some mental impairment. Therefore, this contention does not serve as a basis for tolling or other relief.

federal habeas petition while the statute of limitations was running. Therefore, Petitioner is not entitled to equitable tolling and his petition is time-barred.[3]

### B.   Certificate of Appealability

Petitioner next objects to the R&R on the basis that he is entitled to a certificate of appealability. This objection is also without merit. Here, a plain procedural bar is present – his petition is barred by the statute of limitations. Petitioner did not file his federal habeas petition until June 26, 2014, almost one year after the statute of limitations had expired on July 28, 2013. He is not entitled to statutory tolling, equitable tolling, or an exception.[4] The Court finds no basis to conclude that jurists of reason would find this procedural ruling debatable or that Petitioner should be allowed to proceed further. See *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### C.   Evidentiary Hearing

Petitioner lastly objects to the failure to be provided with an evidentiary hearing. This objection is also rejected. Because Petitioner has not made a good-faith allegation that would, if true, entitle him to equitable tolling or to an exception to the time-bar, he has not demonstrated that an evidentiary hearing is warranted. *See Orthel v. Yates*, 795 F.3d 935, 940 (9th Cir. 2015) ("further factual development may be required when a petitioner makes a good-faith allegation that tolling is warranted, depending on the sufficiency of the record that was before the district court"); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner...should receive an evidentiary hearing

---

[3] In his objection, Petitioner "asks the District Court to excuse any procedural default asserted by the Magistrate due to cause and prejudice under S. Ct. standards." (Doc. 19 at 3.) This is insufficient to trigger *de novo* review of findings in the R&R. *See Gutierrez v. Flannican*, 2006 WL 2816599, at *2 (D. Ariz. Sept. 29, 2006) (where a Petitioner does not identify which of the Magistrate Judge's findings he or she specifically disagrees with, the general objections to the R&R "are tantamount to no objection at all.").

[4] While Petitioner challenges the fairness of the outcome, he does not assert an actual-innocence gateway claim for purposes of an exception to AEDPA's limitations period. *See McQuiggin v. Perkins*, 569 U.S. __, 133 S. Ct. 1924, 1928 (2013) (also referred to as a "fundamental miscarriage of justice exception") (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)).

when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'") (quoting *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003)).

**IV. Conclusion**

Having reviewed the record as a whole, Petitioner's federal habeas claims are time-barred and his objections are without merit. The R&R will therefore be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 15) is **accepted** and **adopted** by the Court;

2. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

4. That the Clerk of Court shall **terminate** this action.

Dated this 31st day of January, 2017.

Honorable Steven P. Logan
United States District Judge